13,573-10

MOTION DENIED
DATE: 9-24-15
BY: PC

* Mr. Maurice Mitchell, Pro-se *
Specialize Legal Technician,[SLT]
Southernn Career Institute
Paralegal No# [P]-7g-9169-Z
William J. Estelle Unit,TDCJ, I-I
TDCJ, I-D No# 648121
264 F.M. 3478
Huntsville, Texas 77320

APRIL 17, 2015.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 22 2015

Abel Acosta, Clerk

Hon: Abel Acosta,clerk
Texas Court of Criminal appeals
P. O. Box12308, Capital Station,
Austin, Texas
78711-12308

RE:     MAURICE MITCHELL V. STATE OF TEXAS
ON APPLICATION FOR WRIT OF HABEAS CORPUS
Writ No# 13, 573-10
Cause Number 98-F-0331-202
APPLICANT'S MOTION FOR REHEARING.

Dear Mr. Acosta,

    I find myself severly perplexed by the Court's DISMISSAL of my applica-
tion for habeas corpus relief. in face of what appears to be clear law, entitl-
ing me to relief.

    I have no idea of how I can obtain a REHEARING. I am without the proper
materials "ACCESS TO COURTS" for which I would need to research, in order to know
what to file. Therefore, I am improvising.
        (1).
    Pleasing place the enclosure before the court at your earliest conven-
iences for consideration.

                    Respectfully: Maurice Mitchell
                        Mr. Maurice Mitchell

/(1) Correction, this word is Please.

cc/files
skf.

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## ON THE ORIGINAL PROCEEDINGS
## APPLICATION FOR HABEAS CORPUS RELIEF

MAURICE MITCHELL §
            [A]pplicant,
                                                    §

                                                    §

Vs.                                                 §        Writ No# 13, 573,09

                                                    §

THE STATE OF TEXAS                                  §
            [R]espondent,
                                                    §


\*      APPLICANT'S MOTION FOR A RE-HEARING      \*

[ EN BANC ]

ALTERNATIVELY A MOTION FOR RE-HEARING PER CURIAM


TO THE HONORABLE JUSTICES OF SAID COURT:

Comes Now **MAURICE MITCHELL.,** pursuant to the Texas Rules of the Court, this Court's Local rules, or any applicable rule, asking this Honorable Court for a [RE-HEARING], in regards to his APPLICATION FOR WRIT OF HABEAS CORPUS filed in this court on or about FEBRUARY 23. 2015 as a result of this Court's **"Per curiam"** ORDER issued upon the 202nd criminal District Court of Bowie County, Texarkana Texas on FEBRUARY 04, 2015.

In support of this request for a rehearing applicant will respectfully show the following;

## I.

Due to previous Applications filed in this court pertaining to the SAME CONVICTION, your applicant was Procedurally Barred from having his SECOND APPLICATION considered on the "merits" UNLESS he could show he was EXCUSED in accordance with the STATUE, Vernons Anotated Code of Criminal Procedures Article 11.07 4 (a) (i or ii).

- 1 -

## II.

## APPLICABLE LAW

(a). In BIBBS V. KIRKENDALL 2013 U.S. Dist LEXIS 32872 Civil Action No# 11-CA-671-XR. The United States District Court for the Western District of Texas in regards to a 42 USCA § 1983 action attacking article 11.07 of Vernons annotated Code of Criminal Procedures, stated as follows in regards to the STATUE.

" IN ADDITION TO AN APPLICATION UNDER § 4 OF ARTICLE 11.07 PROVIDES APPLICANT WITH AN OPPORTUNITY TO APPLY FOR "A SUBSEQUENT" WRIT IN THE EVENT THAT: ' THE CURRENT CLAIMS AND ISSUES HAVE NOT BEEN AND COULD NOT HAVE BEEN PRESENTED PREVIOUSLY IN AN ORIGINAL APPLICATION OR IN A PREVIOUSLY CONSIDERED APPLICATION, BECAUSE... (i) THE FACTUAL OR LEGAL BASIS FOR THE CLAIM WAS UN-AVAILABLE OR;

(ii). BY A PREPONDERANCE OF THE EVIDENCE, BUT FOR A VIOLATION OF THE UNITED STATES CONSTITUTION NO RATIONAL JUROR COULD HAVE FOUND THE APPLICANT GUILTY BEYOND A REASONABLE DOUBT".

Citing; Tex.Code.Crim.Proc art 11.07 § 4.

This court goes on to NOTE, that: " Bibbs availed himself of BOTH OPPORTUNITIES PROVIDED IN THE HABEAS STATUE AND IN EACH INSTANCE THE reviewing court denied his application. While Bibb's SECOND application made claims of "ACTUAL INNOCENCE", in order for the merits of BIBB'S APPLICATION to be considered by the court, such "CLAIMS' needed,...... to be 'Supported' by "SUFFICIENT SPECIFIC FACTS",..... establishing ONE OF THE TWO above exceptions.

See; Bibbs supra at page (5) ¶ (4).

(b). THEREFORE, in the instant case, it was [MITCHELL'S] burden to establish under ONE of the TWO exceptions as found in the STATUE, by "Sufficient Specific Facts" in order to be EXCUSED of the Procedural Bar.

Through his application, [MITCHELL] showed clearly his sufficient and specific facts, article 11.07 4 (a) (ii) i,e; "BY A PREPONDERANCE OF THE EVIDENCE, BUT FOR A VIOLATION OF THE UNITED STATES CONSTITUTION NO RATIONAL JUROR COULD HAVE FOUND THE APPLICANT GUILTY BEYOND A REASONABLE DOUBT", i,e; " NO RATIONAL JUROR COULD HAVE FOUND THE ENHANCEMENT PARAGRAPHS OF HIS INDICTMENT [TRUE], beyond a reasonable doubt.

## III.

### THIS COURT'S DENIAL OF RELIEF

(a). By this SWORN AFFIDAVIT, this very pleading, applicant SWARES and the unit mail room log shall verify that on APRIL 10, 2015 [less than 14 or 28 days ago] applicant RECEIVED this Court's POST CARD NOTICE, stating as foldows:

THE COURT HAS DISMISSED WITHOUT WRITTEN ORDER THIS SUBSEQUENT APPLICATIon FOR A WRIT OF HABEAS CORPUS. TEX. CODE CRIM. PROC ART 11.07, Sec 4 (a)θ(c).. --------section (c) of the statue explains § 11.07 4(a)(i) as follows;

(c). for purpose of subsection (a)(i), a factual basis of a claim is unavailable on or before a date described by subsection (a)(i) if that factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

THEREFORE it appears that this HONORABLE Court has taken § (c) and applied it to this applicant, and has totally DISREGARDED § (a)(ii) which is an INDEPENDANT excuse for the Procedural bar, as shown in BIBBS supra.

WHEREFORE Premises Considered, it appears this Honorable Court's APRIL 1, 2015 ORDER of "Dismissal" was "Improvident".

## IV.

### APPLICANT'S ENTITLEMENT TO RELIEF
### IS SHOWN BY THIS VERY COURT'S PRECEDENT

(a). Your [A]pplicant [HAS NOT] entered this Honorable court with nothing of his own. Your applicant is at the 'Mercy' of this Court and it's jurisprudence. Applicant can only rely on what THIS COURT has set forth in it's precedent. Pursuant to the STATUE, applicant relies on § 11.07 4 (a) (ii) ONLY. We have found an authority the same as, i.e; [SYNONYMOUS] to the applicant's case. In GROUND OF ERROR ONE, applicant asserts that his ENHANCEMENT paragraph sets out the WRONG DATE, as the date that he was FINALLY CONVICTED in the 248th criminal district court of Harris County Texas under cause number [447,141]].

- 3 -

Section IV, continued...

(b). The enhancement paragraph of the indictment asserts that applicant was finally Convicted on APRIL 12, 1986.

This is TOTALLY UNTRUE. The proof show applicant was Finally convicted under cause number [447,141] on AUGUST 25, 1986.

THEREFORE BUT FOR VIOLATION OF THE UNITED STATES CONSTITUTION NO RATIONAL JUROR COULD HAVE FOUND THE ENHANCEMENT PARAGRAPHS TO BE TRUE BEYOND A REASONABLE DOUBT.

Applicant relies on your authority as found in EXPARTE BARFIELD 697 S,W, 2d 420 [Tex.Cr.app. 1985] as Controlling.

Applicant also cited EXPARTE RICH 194 S.W. 2d 508 [Tex.Cr.App. 2006] as controlling. in that this is a "NO EVIDENCE" Point of error cognizable on writ of habeas corpus.

See: EXPARTE WILLIAMS 703 S.W. 2d 674 [Tex.Cr.App. LEXIS 1183 (1988).

In applicant's SECOND issue presented to this Honorable Court, he asserts continuously, that he is "Actually Innocent" of the enhancement paragraphs because the enhancement fails to alledge the DATE OF THE COMMISSION OF THE OFFENSE, under cause number [447,141] in that the statue article 12.42 (d) require that all "AVERMENTS" to which the state will be called upon to prove by TRUE BEYOND A REASONABLE DOUBT, be alleged in the charging instrument, and proven by the standard of [TURE] beyond a reasonable doubt. Applicant cited as CONTROLLING, this court's precedent set out in JORDEN V. STATE 256 S.W. 3d 285 [Tex.Cr.App. 2008].

Finally both errors show conclusively, that "IF NOT FOR VIOLATION OF THE U.S. Constitution, no rational juror would have found the enhancements TRUE beyond a reaonsable doubt. Therefore applicant Was EXCUSED of the procedural bar, and this court was/is free to consider the 'Merits" of applicant's claims.

May this court note, that applicant was given a wooping SEVENTY YEARS [70] for an otherwise third degree felony, which only caries a penalty of no less than two years nor more than ten years.

See; This court's opinion in EXPARTE RICH, supra;

APPLICANT'S REQUEST FOR REHEARING, in conclusion...


\* C O N C L U S I O N \*


WHEREFORE Premises Considered, [A]pplicant Pray that this Honorable Texas Court of Criminal Appeals, will WITHDRAW it's APRIL 01, 2015 ORDER of DISMISSAL, and grant applicant a "Rehearing" in the interest of justice.

Applicant pray this cause be reversed to the trial court with instructions to grant applicant a new trial.

Respectfully Submitted; *Maurice Mitchell*
Mr. Maurice Mitchell, Pro-se.
Your Novice
William J. Estelle Unit
TDCJ, I-D No# 648121
264 F.M. 3478
Huntsville, Texas 77320


NOTARY EQUIVALENT

STATE OF TEXAS §

§

County of WALKER: §


Subscribed and SWORN to on the undersigned's oath, that the above and foregoing factual allegations of which the undersigned does have personal knowledge are true correct and complete, to which he places his hand and proprietory SEAL on this the 19th day of APRIL 2015.

Sincerely: *Maurice Mitchell*
Mr. Maurice Mitchell


MAURICE MITCHELL
NOTARY EQUIVALENT
MAURICE MITCHELL
Authorized By Statue
Title 6 Chapters 132.002 thru 132.003
Texas Civil Practice & Remedies Code
Under Pains & Penalty of Perjury
Non-commissioned; Proprietory S.E.A.L:

Date; April 19, 2015
Signed:

5

## CERTIFICATE OF SERVICE

I MAURICE MITCHELL, do hereby certify that a true and correct ocpy of APPLICANT'S MOTION FOR A REHEARING [ENBANC] ALTERNATIVELY A MOTION FOR REHEARING PER CURIAM, has been served upon the clerk of the Tecxas Court of Criminal appeals by placing same in the United States Mail on this the 19th day of APRIL 2015 postage pre-paid addressed as follows:

Hon: Abel Acosta,Clerk
Texas court of Criminal Appeals
P. O. Box 12308, Capital Station
Austin, Texas
      78711-12308

Respectfully Submitted;

Mr. Maurice Mitchell,Pr -se
Specialize Legal TEchnician
Southern Career Institute
Paralegal No# P-7g-9169-Z
Wiliam J. Estelle unit
TDCJ, I-D No# 648121
264 F.M. 3478
Huntsville, Texas 77320